ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08

*ENDORSED ORDER*
*Application granted. Defendants are to respond to the complaint by no later than April 25, 2008.*
*[signature]*
*3/11/08*

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SABRINA TANN
Assistant Corporation Counsel
Special Federal Litigation Division
Telephone: (212) 442-8600
Facsimile: (212) 788-9776

March 11, 2008

RECEIVED
MAR 11 2008
MICHAEL P. DOLINGER
UNITED STATES MAGISTRATE
S.D.N.Y.

**BY FACSIMILE**
Honorable Judge Michael Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl St., Room 1670
New York, New York 10007
Fax: 212-805-7928

Re:  Jeffrey Desir v. Department of Correction, et. al., 07-10553 (RMB) (MHD) [1]

Your Honor:

As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to respectfully request that defendants the New York City Department of Correction ("DOC"), Captain Singletary, Correction Officer Gold and the individual's identified in the caption of the complaint as "Warden of O.B.C.C.," "Commissioner of Rikers Island Administration," "Warden of R.N.D.C.'s," time to answer or otherwise respond to the complaint in this action be enlarged forty-five (45) days to and including April 25, 2008. *Pro se* plaintiff, Jeffrey Desir, is currently incarcerated and therefore, I am unable to reach him in order to obtain his consent, however, I have no reason to believe that he would object to this request for an initial enlargement of time.

As an initial matter, I apologize to the Court and plaintiff for this late request, however, it appears from the docket sheet that the U.S. Marshalls served the DOC and the above-referenced individuals with process on January 31, 2008, however, the U.S. Marshalls did not file affidavits of service until February 21, 2008, a day after their answers were due. Moreover, this Office has not been contacted directly by the DOC or the individuals with respect to representation in this action and as a result, we did not learn of the purported service on the DOC and the individuals until recently checking the docket sheet.[2]

---

[1] This case has been assigned to Assistant Corporation Counsel Katherine E. Smith, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Smith may be reached directly at (212) 513-0462.
[2] The docket sheet also indicates that the U.S. Marshalls did not execute service of process on the individuals identified in the caption of the complaint as "2 Captains," "Captain L. Brown," and "Chief Physician of the Clinic."

The requested enlargement is necessary so that this Office can make the requisite representational decisions with respect to defendants Singletary and Gold.[3] As your Honor may be aware, pursuant to Section 50-K of the New York General Municipal Law, the Corporation Counsel's Office makes its decision to represent based on a review of the facts of the case. Our investigation includes conducting a representational interview. The requested enlargement will allow this Office time to conduct the mandatory representation interviews, and as a result, complete its representational investigation.

Moreover, it appears from the docket sheet that individuals were served who were not named as defendants in the complaint, such as "C.O. Recs." Also, although it appears that service was accepted for the "Warden of O.B.C.C." that individual's name was not identified in the docket sheet and as such this Office must determine who person is and whether he was properly served. Further, it appears that service was accepted on behalf of an individual named Carolyn Thomas as "Chief of RNDC" and "Chief of O.B.C.C." and that service was accepted on behalf of an individual named Gregory McLaughlin as "Chief of RDND." However, the complaint does not even name defendants as "Chief of RNDC", "Chief of O.B.C.C." or "Chief of RDND". Although this Office has contacted the DOC Legal Bureau to ascertain whether or not service was properly accepted on behalf of the aforementioned individuals, we have not received a response. Accordingly, an enlargement of time will allow this Office resolve the discrepancies in service and determine whether the proper parties have been served in this matter.

No previous request for an enlargement of time has been made. Accordingly, this Office respectfully requests that defendants' time to answer or otherwise respond to the complaint in this action be enlarged forty-five (45) days to and including April 25, 2008.

---

[3] This Office has not discussed with defendants the manner of service and we make no representation herein as to the adequacy of service upon them.

I thank Your Honor for considering the within request.

Respectfully submitted,

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Jeffrey Desir (#141-07-06438)
Pro Se Plaintiff
N.I.C.
15-00 Hazen St.
East Elmhurst, New York 11370
(By First Class Mail)