

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CARYN ROSENCRANTZ
Assistant Corporation Counsel
Telephone: (212) 788-1276
Facsimile: (212) 788-9776

April 22, 2008

**BY FACSIMILE**
Honorable Judge Michael Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl St., Room 1670
New York, New York 10007
Fax: 212-805-7928

ENDORSED ORDER
The time for defendants Singletary and Gold to respond to the complaint is extended to May 26, 2008. No further extensions shall be expected. Plaintiff is directed to advise defendants' counsel by May 12, 2008 whether he intends to name Departmental Chief Thomas as a defendant and, if so, the basis for his claim against her.
[signature] 04/22/08

Re: Jeffrey Desir v. Department of Correction, et. al., 07-10553 (RMB) (MHD)[1]

Your Honor:

As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write on behalf of defendants Captain Singletary and Correction Officer Gold to respectfully request that their time to answer or otherwise respond to the complaint be further enlarged thirty (30) days to and including May 26, 2008. This is the second request for an enlargement of time.

As Your Honor may recall, by letter dated March 11, 2008, this office requested time to ascertain service and representational issues and interpose an Answer on behalf of defendants New York City Department of Correction ("DOC"), Captain Singletary, Correction Officer Gold and the individuals identified in the caption of the complaint as "Commissioner of Rikers Island Administration," Warden O.B.C.C." and "Warden of R.N.D.C." Your Honor endorsed our March 11th letter and granted defendants to and including April 25, 2008 in which to serve their response to the complaint. While defendants DOC, "Commissioner of Rikers Island Administration," Warden O.B.C.C.," and "Warden of R.N.D.C.," will timely respond to the complaint on April 25, 2008, despite our best efforts, this office has been unable to resolve service and representational issues with regard to defendants Captain Singletary and Correction Officer Gold. Accordingly, a further 30 day enlargement of time is necessary so that this office can conduct our mandatory representational investigation pursuant to Gen. Mun. Law § 50-K.

In addition, I write to respectfully apprise the Court of several outstanding service issues. First, according to the docket sheet, service was purportedly made on behalf of two

---
[1] This case has been assigned to Assistant Corporation Counsel Katherine E. Smith, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Smith may be reached directly at (212) 513-0462.

individuals identified by plaintiff as "Chief of R.N.D.C." and "Chief of O.B.C.C." (See Docket Entries Nos. 12 and 14). Upon information and belief, there is no such position within the New York City Department of Correction entitled either "Chief of R.N.D.C." or "Chief of O.B.C.C." Rather, it appears that DOC personnel mistakenly accepted service by construing plaintiff's complaint to be attempting to name the Chief of the Department of Correction as a defendant. Carolyn Thomas is presently the Chief of the Department. However, there are no allegations in the complaint as against the Chief of the Department and plaintiff did not name the Chief of the Department as a defendant.

       In the event plaintiff did intend to name and serve Chief of the Department Thomas as a defendant in this matter, then this office will respond on her behalf. We respectfully request that Chief Thomas' time to respond to the complaint be enlarged to a date and time after plaintiff informs the Court and this office as to whether he intended for the "Chief of R.N.D.C." and "Chief of O.B.C.C." to be, in fact, the Chief of the Department, Carolyn Thomas.

       Second, it also appears from the docket sheet that an entry was mistakenly entered indicating that the "Warden of R.D.N.D" had been served. (See Docket Entry No. 16). This is improper as plaintiff does not name the "Warden of R.D.N.D." as a defendant. Rather, plaintiff purports to name the "Warden of R.N.D.C." as a defendant. Upon information and belief, Gregory McLaughlin currently occupies the position as the Warden of the R.N.D.C. Accordingly, this office will be submitting an Answer on his behalf on April 25, 2008.

       Third, it appears from the docket sheet that the individual identified as "C.O. Rees #17045" was served with the summons and complaint. (See Docket Entry No. 17). This is a further complication and appears to be a mistake. Plaintiff neither names C.O. Rees as a defendant in this action, nor does he assert any allegations against a C.O. Rees in his complaint. Accordingly, absent further clarification from plaintiff or instruction from the Court, this office will not conduct a representational investigation with regard to C.O. Rees or respond to the complaint on his/her behalf.

       In light of the foregoing, this office respectfully requests that defendants', Captain Singletary and Correction Officer Gold, time to answer or otherwise respond to the complaint be further enlarged (30) days to and including May 26, 2008.

I thank Your Honor for considering the within matters.

Respectfully submitted,

Caryn Rosencrantz (CR 3477)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Jeffrey Desir (#141-07-06438)
      *Pro Se* Plaintiff
      O.B.C.C.
      16-00 Hazen Street
      East Elmhurst, New York 11370
      (By First Class Mail)